UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN DOE and JILL DOE,

       Plaintiffs,      **COMPLAINT**

-against-            JURY TRIAL DEMANDED

ALEXANDROS GIANNAKAKOS M.D.,

       Defendant.

-----------------------------------------------------------------X

Plaintiffs, JOHN DOE and JILL DOE (assumed names-true identities known to defendant) by

their attorneys, Cascione, Purcigliotti and Galluzzi P.C., complaining of the Defendant, respectfully

allege, upon information and belief, as follows:

### JURISDICTION AND VENUE

1.  At all times hereinafter mentioned and at the time of the commencement of this action,

Plaintiffs were and are citizens and residents of the County of Richmond, State of New York.

2.  At the time of the commencement of this action, Defendant was a citizen and resident of the

State of New Jersey.

3.  This court has jurisdiction because this action falls under 28 U.S.C. § 1332 in that there is

complete diversity between the parties and the amount in controversy exceeds $75,000.

### PRELIMINARY FACTS

4.  At all times mentioned herein, Defendant was a physician practicing medicine in the County

of Richmond and State of New York.

5.      At all times mentioned herein, Defendant was a board certified specialist in the area of Obstetrics and Gynecology.

6.      At all times mentioned herein, Plaintiffs were and are husband and wife.

6.      At all times mentioned herein, Defendant  ALEXANDROS GIANNAKAKOS M.D. held himself out to be a physician offering professional services to the public in general, and to Plaintiffs, in particular.

8.      At all times mentioned herein, Defendant represented that he was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiffs.

9.      Due to the sensitive nature of this litigation the plaintiffs have opted to sue under assumed names however their true identities should readily be known to defendant or can be supplied upon request prior Defendant to submitting an answer to this action.

## AS AND FOR A CAUSE OF ACTION

10.   From on or about December 2010 and thereafter, plaintiff JILL DOE sought the professional care of the defendant for routine Gynecological care.

11.     During the course of her visits to defendant, plaintiff JILL DOE informed him that she was married to JOHN DOE and that it was their intention to start a family by conceiving their first child.

12.     In or about August of 2011 JILL DOE became pregnant by JOHN DOE.

13.     During JILL DOE's pregnancy she continued to visit defendant for pre-natal care.

14.     On May 5, 2012 a child was born to JILL DOE and JOHN DOE. That child will hereinafter be referred to as Infant DOE.

15.     Within days after the birth of Infant DOE, routine testing showed that the child had the genetic disease known as Cystic Fibrosis.

16.     It was subsequently determined that both JILL DOE and JOHN DOE carry the Cystic Fibrosis gene. As a result any child born to the two of them has a one in four risk of inheriting Cystic Fibrosis.

17.     In April of 2011 The American College of Obstetricians and Gynecologists' Committee on Genetics issued an opinion that acknowledged that prenatal and preconception screening for Cystic Fibrosis had become a routine practice since 2001. It suggested testing first the prospective mother and then the father if the mother was shown to be a carrier. At all times mentioned herein the prevailing standard of care in Obstetrics and Gynecology was to perform a preconception test for the Cystic Fibrosis gene in order that prospective parents could be timely advised of their reproductive options.

18.     At no time prior to conception did defendant advise either plaintiff that they should be tested for the Cystic Fibrosis gene.

19.     At no time prior to Infant DOE's conception did defendant perform or order a test for the Cystic Fibrosis trait for either plaintiff.

19.     Had defendant properly advised the plaintiffs they would have undergone testing for the Cystic Fibrosis trait.

3

20.     Had plaintiffs learned that they both carried the Cystic Fibrosis trait prior to conception, they would have had the option of choosing In Vitro fertilization to screen out any potential offspring that would have inherited the gene. They also had other options such as utilizing sperm or egg donors, adoption or simply foregoing the conceiving of a child.

21.     The plaintiffs would have pursued one of their available options rather than risk conceiving a child with Cystic Fibrosis.

22.     After it was diagnosed that JILL DOE was pregnant, Defendant, during her first trimester ordered a number of routine screening tests for fetal abnormalities. JILL DOE consented to those tests and plaintiffs inquired of the results.

23.     At no time during JILL DOE's pregnancy did defendant advise either plaintiff that they should be tested for the Cystic Fibrosis gene.

24.     At no time during JILL DOE's pregnancy did defendant test or order a test of either plaintiff for the Cystic Fibrosis gene.

25.     At the point in her pregnancy by which time defendant should have learned that JILL DOE and JOHN DOE carried the Cystic Fibrosis trait, JILL DOE still had reproductive options available to her to prevent carrying a child to term with Cystic Fibrosis. By failing to test her or her husband the defendant denied her those options.

26.     Infant DOE is an otherwise normal child afflicted with Cystic Fibrosis.

27.    JOHN DOE and JILL DOE are loving and caring parents who fully accept their legal and moral responsibility to provide comfort, care and support for Infant DOE.

28.    JOHN DOE and JILL DOE love Infant DOE unconditionally and strive to bring their child happiness. There is no claim herein for wrongful life.

29.    The above medical care, diagnosis, treatment and services rendered to Plaintiffs were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

30.    By reason of the above, and on account of their legal, moral and familial relationship to Infant Doe, Plaintiffs have sustained great pain, suffering, mental anguish and emotional distress. They will be restricted in their activities, careers and lifestyle and will have to devote their forseable future to primarily being caregivers.

31.    By reason of the above, Plaintiffs have incurred extraordinary costs for the care of Infant DOE and will continue to so for their offspring's entire lifespan.

## REQUEST FOR RELIEF

57.    Good cause having been shown, Plaintiffs JOHN DOE and JILL DOE request the following relief:

Awarding plaintiffs money damages exceeding $75,000 for the various past and future damages caused by the medical malpractice of the defendant; together with such other and further relief as the court deems just and proper.

5

Dated:      New York, New York
              April 25, 2013

                        Yours, etc.

                        THOMAS G. CASCIONE (TC-4596)
                        CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C.
                        Attorneys for Plaintiffs
                        JOHN DOE and JILL DOE
                        20 Vesey Street, Suite 1100
                        New York, New York 10007
                        (212) 964-9640

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JOHN DOE and JILL DOE,

                       Plaintiffs,                **CERTIFICATION**

-against-

ALEXANDROS GIANNAKAKOS M.D.

                       Defendant.

-----------------------------------------------------------------------X

       THOMAS G. CASCIONE, an attorney duly admitted to practice before the courts of this State and the USDC for the Eastern District of New York, and a member of the law offices of CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C., attorneys for Plaintiffs, affirms the following to be true under penalties of perjury:

       I certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       April 25, 2013

                                      THOMAS G. CASCIONE (TC - 4596)

7